**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| WILLIAM MOORE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>EDWARD COHN, et al., )<br>)<br>Defendants. ) | No. 1:03-cv-2056-RLY-TAB |

**Entry Discussing Motion for Summary
Judgment of Defendant Dr. Hermina**

This is a civil rights action in which plaintiff William Moore-Bey ("Moore-Bey") alleges, among other matters, that he was denied adequate medical care while at the Pendleton Correctional Facility ("PCF"), a prison operated by the Indiana Department of Correction. The claim of medical denial is asserted against, among others, Dr. Malak Gadalla Hermina, M.D. ("Dr. Hermina"), and is brought pursuant to 42 U.S.C. § 1983. Dr. Hermina seeks resolution of Moore-Bey's claim through the entry of summary judgment.[1] Moore-Bey has opposed the motion for summary judgment.[2]

Whereupon the court, having considered the complaint, the motion for summary judgment and the response thereto, and being duly advised, finds that Dr. Hermina's motion for summary judgment must be **granted.** This conclusion rests on the following facts and circumstances:

---

[1] "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

[2] "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party successfully carries his burden, the non-moving party must "go beyond the pleadings" and present specific facts which show that a genuine issue of material fact exists. *Id.* at 324. This may be done through the designation of specific facts in affidavits, depositions, answers to interrogatories or admissions. *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992). If the non-moving party fails to make a sufficient showing on an essential element of its case on which that party will bear the burden of proof at trial, the moving party is entitled to judgment as a matter of law. See *Celotex Corp.,* 477 U.S. at 322-23.

    1.    The undisputed material facts established by the evidentiary record are the following:

    a.    While confined at the PCF, Moore-Bey was assigned to J-Cellhouse in November 2000. A few days after first being assigned to J-Cellhouse, Moore-Bey was seen by medical staff at the PCF and complained of fever, chest pain, dry or non-productive cough, headache, and shortness of breath. The symptoms were assessed as a cold.

    b.    In May 2001, Moore-Bey was examined by Dr. Hermina, whose duties were to provide medical services to inmates at the PCF. Moore-Bey had the same symptoms as just described, as well as blurry eyesight. Dr. Hermina diagnosed Moore-Bey as having a cold, examined his eyes, and referred him to an eye doctor.

    c.    In October 2001, Moore-Bey had an eye examination. This examination revealed three lesions consistent with ocular histoplasmosis. On February 4, 2001, a chest x-ray was noted by Dr. Hermina as indicative of an old granulomatous condition. At that same time, however, Dr. Hermina saw no indication of an active disease process in Moore-Bey's lungs.

    d.    On May 24, 2002, ocular histoplasmosis was confirmed in Moore-Bey's left eye. Prior and subsequent tests, however, showed no active histoplasmosis in Moore-Bey's lungs. The ocular histoplasmosis diagnosis of Moore-Bey is not disputed by Dr. Hermina, but has been followed and treated by an eye specialist, not Dr. Hermina.

    e.    Histoplasmosis is a disease caused when airborne spores of the fungus Histoplasma capsulatum are inhaled into the lungs, the primary infection site. Histoplasmosis is contracted by inhaling dust that carries fungal spores.

    f.    It remains Dr. Hermina's opinion that Moore-Bey does not have active histoplasmosis in his lungs.

    2.    Moore-Bey's claim is asserted pursuant to 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole,* 112 S. Ct. 1827, 1830 (1992). To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

    3.    Subject matter jurisdiction over Moore-Bey's claim is conferred by 28 U.S.C. § 1331, which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

4.     The Eighth Amendment's proscription against the imposition of cruel and unusual punishment provides the constitutional standard for the treatment of convicted offenders such as Moore-Bey. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993). That is the pertinent constitutional provision associated with the claim in this action. The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (citation and internal quotations omitted). In the specific context of the asserted denial of medical care, in order for an inmate to state a claim for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A prisoner's medical need is objectively serious if it is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997)).

> The inquiry into deliberate indifference is a subjective one that asks whether "the prison official acted with a sufficiently culpable state of mind." *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted). A prison official has a sufficiently culpable state of mind when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Id.* (citation omitted).

*Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006).

5.     Moore-Bey's ocular histoplasmosis has been diagnosed and is being treated by an optometrist. His symptoms have been evaluated and it has been medically determined that he does not have active histoplasmosis in his lungs. This does not constitute a serious medical need in relation to the care being provided by or through Dr. Hermina, because it is not a condition which has been diagnosed by a physician as mandating treatment. In fact, the opposite has occurred. Moore-Bey does not identify any diagnosis or treatment of his ocular histoplasmosis which he believes should have been given by Dr. Hermina or under his supervision. At most, moreover, any such view would represent a mere difference of opinion, and "[a] difference of opinion as to how a condition should be treated does not give rise to a constitutional violation." *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001). The evidentiary record shows without question, and certainly without any basis for a genuine question of material fact, that Dr. Hermina was not deliberately indifferent to Moore-Bey's concerns about being infected with or requiring treatment for histoplasmosis. Dr. Hermina's medical judgment in this regard was not "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he] did not base the decision on such a judgment." *Estate of Cole v. Fromm,* 94 F.3d 254, 262 (7th Cir. 1996), *cert. denied,* 519 U.S. 1109 (1997). These circumstances negate the existence of deliberate indifference regarding Moore-Bey's medical care at the PCF insofar as placed at issue in this lawsuit. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."), *cert. denied,* 519 U.S. 1115 (1997).

      6.      On the basis of the foregoing, therefore, Dr. Hermina's motion for summary judgment is **granted.** This ruling does not resolve all claims brought by Moore-Bey, and no partial final judgment shall issue at this time as to the claim resolved in this Entry.

      **IT IS SO ORDERED.**


Date: 08/18/2006

                                                                    RICHARD L. YOUNG, JUDGE
                                                                    United States District Court
                                                                    Southern District of Indiana

Distribution:

William Moore, DOC #861003, Miami Correctional Facility, P.O. Box 900,
    Bunker Hill, IN  46914
Andrew Ryzard Bloch, ZEIGLER COHEN & KOCH, abloch@zcklaw.com
Betsy M. Isenberg, INDIANA STATE ATTORNEY GENERAL, bisenberg@atg.state.in.us
Roger K. Kanne, ZEIGLER COHEN & KOCH, rkanne@zcklaw.com