**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| WILLIAM MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:03-cv-2056-RLY-TAB |
| ) | |
| EDWARD COHN, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary**
**Judgment of State Defendants**

For the reasons explained in this Entry, the State defendants' motion for summary judgment must be **granted.**

**I. Background**

**A. Parties and Claims**

As used in this Entry, "Moore-Bey" refers to the plaintiff, William Moore-Bey, the "State defendants" refers collectively to defendants Edward Cohn, Dean Reiger, Bob Ohlemiller, Evelyn Ridley-Turner, Linda VanNatta, Clyde Poole, Frank Littell, Mike Thomas, James Cook, Jack Weist, Charles Miller, Zettie Cotton, the "PCF" refers to the Pendleton Correctional Facility, the "DOC" refers to the Indiana Department of Correction, and "Dr. Hermina" refers to defendant Malak Gadalla Hermina, M.D.

Moore-Bey claims that the defendants intentionally exposed him to histoplasmosis and forced him to remain in a housing unit where he could again be exposed to histoplasmosis. Histoplasmosis is an infectious disease caused by the inhalation or ingestion of a soil-based fungus transmitted from bird or bat droppings and is particularly endemic to the Mississippi and Ohio Valley River regions, including Indiana, Ohio, and Kentucky. He seeks damages and declaratory and injunctive relief. The State defendants had the positions described below at the time pertinent to Moore-Bey's claims:

- Dean Rieger was employed as Medical Director for the DOC
- Bob Ohlemiller was appointed as Deputy Commissioner of the DOC in March 1994.
- Evelyn Ridley-Turner was Commissioner of the DOC.
- Linda VanNatta is an Administrative Assistant II at the Central Office of the DOC.
- Clyde Poole is the Maintenance Supervisor at the PCF.
- Frank Littell was employed as a Grievance Specialist at the PCF.
- James Cook is employed at the PCF as Sanitation Supervisor.
- Jack Weist was employed at the PCF as an Assistant Superintendent.
- Charles Miller was employed as the Superintendent of the PCF in 2000.
- Zettie Cotton was the Superintendent at the PCF.
- Mike Thomas was employed at the PCF as a safety manager.

The Eighth Amendment claim against Dr. Hermina is factually and legally distinct from the claims against the State defendants and was resolved in a separate ruling.

### B. Summary Judgment Standard

The State defendants seek resolution of Moore-Bey's claims through the entry of summary judgment. Such a resolution is warranted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). The court must "construe all facts in a light most favorable to . . . the party opposing summary judgment, and . . . draw all reasonable inferences in his favor." *McGreal v. Ostrov,* 368 F.3d 657, 672 (7th Cir. 2004) (citation omitted). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook,* 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997)). Moore-Bey's request filed on August 2, 2006, regarding the intended or actual date he submitted his reply to the amended reply in support of their motion for summary judgment is **granted.**

### II. Discussion

### A. Federal Claim

Moore-Bey asserts a medley of claims under both federal and state law. His federal claim is asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole,* 112 S. Ct. 1827, 1830 (1992). Subject matter jurisdiction over Moore-Bey's federal claim is conferred by 28 U.S.C. § 1331.

Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." This provision applies to the states through the Fourteenth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 101-02 (1976) (citing *Robinson v. California,* 370 U.S. 660 (1962)). Thus, the constitutional provision implicated by Moore-Bey's allegations is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993), for "[i]t is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Pursuant to the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement; . . . [to] ensure that inmates receive adequate food, clothing, shelter and medical care, and [to] 'take reasonable measures to guarantee the safety of the inmates[.]'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)). A plaintiff claiming a violation of the Eighth Amendment must satisfy both an objective and a subjective test. *Wilson v. Seiter,* 501 U.S. 294, 298, 303 (1991). The objective prong is satisfied when the plaintiff proves that he was deprived of a basic human need, that is, whether the conditions which the plaintiff experienced can be considered cruel and unusual. For the subjective prong, the plaintiff must prove that the defendants acted with a culpable state of mind, which can be otherwise stated as whether the deprivation was the result of "deliberate indifference" by prison officials. *Farmer,* 511 U.S. at 834.

A prison official may be found liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *see Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001)(quoting *Farmer* 's requirement that official be aware of facts supporting inference of substantial risk of harm and that he actually draw the inference); *Delgado-Brunet v. Clark,* 93 F.3d 339, 345 (7th Cir. 1996) (same). Moreover, a supervisor cannot be held liable in a § 1983 action unless the individual was personally involved in the wrongful conduct such that he or she caused or participated in the alleged violation. *See Moore v. Indiana,* 999 F.2d 1125, 1129 (7th Cir. 1993).

With respect to the first prong of an Eighth Amendment claim, poor ventilation in certain housing units at the PCF was the precursor in inmates breaking windows in those areas, and the broken windows permitted birds to occasionally enter into the cellhouses. Bird droppings can be the source of the fungus associated with histoplasmosis, which can spread to humans through dust. The Indiana Department of Health was contacted regarding this condition and issued a deficiency regarding birds at the PCF, but this notice did not include any information or warning concerning hazards from birds. Absent any evidence to demonstrate the extent of exposure or the health hazard posed by particular

3

conditions in the housing unit to which he was assigned, Moore-Bey cannot show that the conditions of his confinement created an unreasonable risk of serious harm. *See Warren v. Keane,* 196 F.3d 330, 332-33 (2d Cir. 1999)(quoting *Helling,* 509 U.S. at 33).

> Poisoning the prison water supply or deliberately inducing cancer in a prisoner would be forms of cruel and unusual punishment, and might be even if the harm was probabilistic or future rather than certain and immediate. But failing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not. Many Americans live under conditions of exposure to various contaminants. The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans.

*Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir. 2001)(internal citations omitted). An objectively serious risk "is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879 (7th Cir. 2004). Moore-Bey has not shown that the evidence of bird droppings in the housing unit to which he was assigned at the PCF and the hazard those materials caused relative to inmates contracting histoplasmosis constituted such a risk. Accordingly, the evidentiary record here negates the existence of the first element of a viable claim under the Eighth Amendment. Once a properly supported motion for summary judgment is made, the party opposing the motion must "affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988). This burden cannot be met with conclusory statements or speculation, *see Weihaupt v. American Med. Ass'n,* 874 F.2d 419, 428 (7th Cir. 1989), but only with appropriate citations to relevant admissible evidence. *See Local Rule* 56.1; *Brasic v. Heinemann's Inc., Bakeries,* 121 F.3d 281, 286 (7th Cir. 1997); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923-24 (7th Cir. 1994). Moore-Bey has failed to meet that burden here with respect to demonstrating that there was an objectively excessive risk to his health and safety.

With respect to the second prong of an Eighth Amendment claim, the evidentiary record shows the following:

- Defendant Poole did not receive any complaints regarding birds in the cellhouses at the PCF. Poole is not responsible for conducting inspections concerning safety issues or potential hazards associated with histoplasmosis. Poole was informed that he was to install screens over the windows in the cell houses at the PCF. Reports from the Indiana Department of Health were investigated and actions were taken to keep birds out of the housing units.

- Bird nests were torn down, the areas were washed down, and screens and windows were installed. Defendant Miller does not have any knowledge of receiving any complaints or grievances regarding birds and their propensity to cause histoplasmosis. Miller was not directed to conduct any monitoring of the dust in inmate housing units to determine whether there were spores in that air. Thomas was not otherwise responsible for developing solutions to complaints of bird droppings at the PCF.

- Dr. Rieger is aware of the existence of a connection between exposure to bird feces or spores and histoplasmosis. Dr. Rieger did not, however, learn of any studies at the PCF, nor did he conduct or direct such studies, to determine, monitor or abate conditions in which inmates were exposed to histoplasmosis. He was not aware of the need for any such studies, nor was he responsible, as medical director of the DOC, for the detection or abatement of a health hazard in inmate housing units at the PCF. The same is true, at least for purposes of assessing personal liability pursuant to § 1983, as to DOC Commissioners, deputy commissioners of the DOC, administrative assistants, and grievance officers.

- As to Superintendents Miller and Cotton, Cotton assumed that position on June 18, 2001. Miller had no personal knowledge of a problem or hazard in the housing units relative to histoplasmosis. Prior to Superintendent Cotton assuming her position, moreover, renovation plans of J-Cellhouse had been adopted. These plans included the installation of new windows. When delays in that phase of the renovation were encountered, Superintendent Cotton instructed Physical Plant Staff to design cover screens to cover the windows. This was done in an effort to prevent the birds from entering the housing unit before the new windows were installed. Although Superintendent Cotton has a general knowledge that constant exposure to bird feces can cause histoplasmosis, she did not receive any grievances while at the PCF regarding that hazard or a problem with birds or bird droppings in the inmate housing units.

Negligence, or a lack of due care under the circumstances, is insufficient to show a violation of the constitution. *Davidson v. Cannon,* 474 U.S. 344, 347 (1986). Proof of deliberate indifference is required. "Deliberate indifference" is a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm upon a prisoner. *Wilson v. Seiter,* 501 U.S. 294 (1991). To prove deliberate indifference, a "plaintiff must prove that the [defendant] possessed knowledge of the infirm condition and of the means to cure that condition, so that a conscious, culpable refusal to prevent the harm can be inferred from defendant's failure to prevent it." *McGill v. Duckworth,* 944 F.2d 344, 348 (7th Cir. 1991). "It is not enough that a reasonable prison official would or should have known that the prisoner was at risk: the official must actually know of and disregard the risk to incur culpability. *Lewis v. Richards,* 107 F.3d 549, 552-53 (7th Cir. 1997)(citing *Farmer,* 511 U.S. at 837-38).

Once again, Moore-Bey has not shown a genuine issue for trial. Most of the defendants were without knowledge of the hazard. Those who had knowledge of the conditions in the housing unit carried out a reasonable response to the hazard. "There is no liability under the Cruel and Unusual Punishments Clause if a prison official has responded reasonably to a risk of harm." *Doe v. Welborn*, 110 F.3d 520, 523 (7th Cir. 1997) (citing *Farmer*). "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Farmer,* 511 U.S. at 844. No defendant in this case acted–nor did any defendant fail to act–with the necessary culpable state of mind relative to the hazard of Moore-Bey contracting histoplasmosis while assigned to his housing unit at the PCF.

## B. State Law Claims

As noted, Moore-Bey also asserts claims under Indiana state law. However, the federal claims have now been resolved prior to trial. When a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998); *Wright v. Associated Insurance Cos., Inc.,* 29 F.3d 1244, 1250 (7th Cir. 1994). The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988). However, the retention of jurisdiction over the pendent state law claims is permissible under 28 U.S.C. § 1367(a). The retention of such jurisdiction is appropriate in this case. *Lawrence v. Kenosha County,* 391 F.3d 837, 844 (7th Cir. 2004); *see also Grove v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999) (district court did not abuse discretion in retaining jurisdiction over supplemental state claims for reasons of judicial economy); *Sullivan v. Conway,* 157 F.3d 1092, 1095 (7th Cir. 1998) (federal-state comity not furthered by sending "doomed litigation . . . back to the state court to be dismissed there."); *Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir. 1997) (where "an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case").

The defendants have argued that the state law claims are not viable. The court agrees that the persuasive authority on this point is that there is no cause of action for damages under the Indiana Constitution. *See Boczar v. Kingen,* 2000 WL 1137713, at *24-25 (S.D.Ind. March 9, 2000). The same is true as to the claim asserted based on the supposed violation of Title 11 of the Indiana Code. *See Blanck v. Indiana Department of Correction,* 829 N.E.2d 505, 509-10 (Ind. 2005).

## IV. Conclusion

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party can satisfy the burden of showing the absence of a genuine question of material fact in two ways: (1) by presenting evidence that negates an essential element of the non-moving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id.* at 322-23.

The defendants have met that burden in this case by each of these methods. Accordingly, their motion for summary judgment is **granted,** and judgment consistent with this Entry and with the Entry of August 18, 2006, shall now issue.

**IT IS SO ORDERED.**

Date: 08/25/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana